IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


CHARLES GUNDLAH,
          Plaintiff,

vs.                                        Case No. 3:05cv216/LAC/EMT

DESHAWN, et al.,
          Defendants.

_____

## ORDER, REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections proceeding pro se, initiated this action on June 6, 2005 by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Also pending is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2).

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim. Pursuant to Plaintiff's own admissions on the complaint form, he has filed seventeen cases in state and federal court since 1990 (see Doc. 1 at 5 - 5M). A review of some of those cases reveals the following dispositions: Gundlah v. Yonn, Case No. 3:04cv713 (M.D. Fla. August 23, 2004) (dismissed for "abuse of the judicial process"[1] (see docket entry 5 at 4)); Gundlah v. Nunes, Case No. 2:96cv42 (D. Vt. March 11, 1996) (dismissed for failure to state a constitutional claim (see docket entries 3, 5)); Verrinder, et al. v. Gorczyk, Case No. 2:95cv312 (D. Vt. August 16, 1996) (dismissed for failure to exhaust administrative remedies[2] (see docket entries 8, 9)); and

_____

[1]Plaintiff failed to fully advise the court of his prior civil rights actions.

[2]"A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

Gundlah v. Maranville, et al., Case No. 2:99cv206 (D. Vt. June 2, 2000) (dismissed for failure to state a claim upon which relief may be granted (*see* docket entries 11, 12)).

Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $250.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915.

In this case, Plaintiff, an inmate housed at the Santa Rosa Correctional Institution ("SRCI") during the time frame relevant to his complaint, alleges he was "called out" of his cell on January 4, 2005 (Doc. 1, Statement of Facts, ¶ 2). Plaintiff, who is apparently confined to a wheelchair, was wheeled near the entrance of his dorm and positioned facing a wall, where he was taunted and called derogatory names by Defendant Deshawn and other correctional officers, presumably because of Plaintiff's history of filing grievances (*id.*, ¶¶ 3 - 12). Later, Plaintiff was placed in waist chains and shackles and wheeled to the visiting area of SRCI (*id.*, ¶¶ 8, 13-16). Plaintiff claims the chains and shackles were forcibly removed and he was then assaulted by several correctional officers (*id.*, ¶ 16 - 30). Additionally, Plaintiff alleges he was forced to remove his clothing and "lean forward and hold apart his rear end for a full minute" (*id.*, ¶¶ 31 - 33). Plaintiff suffered physical injuries including a swollen and bruised right cheek, as well as a cut, scrape, and "swollen lump on [his] forehead" (*id.*, ¶ 37).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury. Plaintiff does not allege that he incurred any serious injury from the incident he relates. Additionally, Plaintiff does not specifically show how this incident evidences a present threat of serious physical injury to him. Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff therefore cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $250.00 filing fee.

At Pensacola, Florida, this 2nd day of December 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**